**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GEORGE MUNYAGA NYAMU, | No. 08-75169 |
| Petitioner, | Agency No. A099-358-798 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

Petitioner George Nyamu, a native and citizen of Kenya, petitions for review

of those portions of the final order of the Board of Immigration Appeals (BIA)

denying his application for asylum and withholding of removal. Specifically,

Nyamu challenges three of the BIA's holdings: (1) that the past harms that Nyamu

suffered did not constitute "persecution" within the meaning of 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1101(a)(42)(A); (2) that, even if he had suffered persecution, it was not "on account of" his political opinion; and (3) that he was capable of safely relocating within Kenya. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review and remand to the BIA for further proceedings.[1]

The BIA assumed, without deciding, that Nyamu was credible. On this appeal, we likewise assume, but do not determine, Nyamu's credibility. *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000).

We address first the BIA's holding regarding the existence of persecution. The BIA fails to take into account the multiple death threats that Nyamu received. This itself warrants reversal. *Yeghiazarian v. Gonzales*, 439 F.3d 994, 1000 (9th Cir. 2006) (due process requires that the BIA "review all relevant evidence submitted on appeal"). Taking these threats into account, in addition to the other harms Nyamu suffered, we conclude that the BIA's finding regarding persecution is unsupported by substantial evidence. The harms Nyamu suffered, including death threats, being held up at gunpoint, having his hands tied, and being rendered unconscious, were sufficiently serious to constitute persecution. *See Quan v.*

---

[1] Nyamu's briefs raise no arguments regarding the BIA's denial of his application for relief under the Convention Against Torture (CAT). We therefore deny his petition for review of the BIA's order denying his CAT claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) .

*Gonzales*, 428 F.3d 883, 888 (9th Cir. 2005); *Ventura v. INS*, 264 F.3d 1150, 1154 (9th Cir. 2001), *rev'd on other grounds*, 537 U.S. 12 (2002).

The BIA also erred in finding that Nyamu had not established that the persecution he suffered was "on account of" his political opinion. Nyamu's preaching and advocacy regarding the pollution caused by businesses in his region of Kenya clearly constituted a political opinion. *See Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007) (political opinion "encompasses more than electoral politics or formal political ideology or action"). The BIA contends that Nyamu cannot establish a nexus to his political opinion because his persecutors may not have been motivated by their own political opinions. It suggests that Nyamu's persecutors perceived his political opinions as threatening to their financial interests. This misapprehends the showing required to establish a nexus to a protected ground. The nexus requirement focuses on the actual or imputed characteristic of the *victim* that came to the persecutor's attention. It does not examine *why* the persecutor has chosen to target individuals with that particular characteristic. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("The ordinary meaning of the phrase 'persecution on account of . . . political opinion' in § 101(a)(42) is persecution on account of the *victim's* political opinion, not the persecutor's."); *Pitcherskaia v. INS*, 118 F.3d 641, 647 (9th Cir. 1997). The "one

3

central reason" standard set forth in the Real ID Act does not change this conclusion. *See, e.g.*, *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (using the "central reason" standard to discern among multiple characteristics of a victim that might have come to a persecutor's attention). Further, since the BIA credited Nyamu's account of who targeted him and why, its holding that he was not persecuted "on account of" his political opinion is unsupported by substantial evidence.

Finally, we reverse the BIA's finding that Nyamu is capable of safely and reasonably relocating within Kenya. The government bears the substantial burden of rebutting the presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1)(i)(B); *see Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir. 2004). The government's only evidence that Nyamu may safely relocate is that his family members reside in Kenya unharmed. The government fails to cite any evidence to suggest that Nyamu's family members were similarly situated to him or that they had any views whatsoever concerning pollution or the environment. *See Rios v. Ashcroft*, 287 F.3d 895, 902 (9th Cir. 2002) ("We have found that a petitioner's family's continued safety does not rebut the petitioner's well-founded fear of future persecution when there is no evidence that the family is 'similarly situated or subject to similar risk, and nothing in the record supports an inference that their

4

safety ensures that [petitioner] will be safe.'") (citation omitted). The government therefore has not met its burden of proving that he may safely and reasonably relocate within Kenya.

Accordingly, we grant Nyamu's petition for review of his application for asylum. Further, because the BIA based its denial of Nyamu's application for withholding of removal on its conclusions regarding his asylum application, we grant Nyamu's petition for review of his application for withholding of removal. We remand to the BIA for further proceedings consistent with this memorandum disposition. *See INS v. Ventura,* 537 U.S. 12, 16-18 (2002) (per curiam).

Costs are awarded to petitioner.

**PETITION FOR REVIEW GRANTED in part and REMANDED; DENIED in part.**